# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GENERAL ELECTRIC CAPITAL CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 10-801 |
| v. | ) ) | Magistrate Judge Bissoon |
| RAY ANTHONY INTERNATIONAL LLC, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## **ORDER**

For the reasons that follow, Plaintiff's Motion for Order of Replevin, Temporary Restraining Order, and Preliminary Injunction (Doc. 2) will be denied as moot, this case will be statistically closed, and Plaintiff may file motion(s), as appropriate, under Civil Action No. 09-938 (W.D. Pa.) (Bissoon, M.J., presiding).

In connection with the instant Motion, Plaintiff has filed a proposed order materially identical to the one entered in Civil Action No. 09-938. *Compare* proposed order (Doc. 2-2) *with* Doc. 15 in Civ. Action No. 09-938. The Order in 09-938 was signed by the parties named in the instant lawsuit, and it expressly states: "This Preliminary Injunction is of indefinite duration and does not expire without further order of this Court." *See* Doc. 15 in 09-938 at 5, ¶ 5.

The only subsequent Order entered in 09-938 was one of "Statistical Closing," which stated:

> The [C]ourt has been advised by . . . the parties that [Civil Action No. 09-938] has been settled and that the only matters remaining are the execution of the settlement document and the compliance of the terms set out in the settlement agreement. It appears that there is no further action required by the [C]ourt at this time. It is, accordingly, hereby ORDERED that the Clerk mark the above-captioned case closed[,] that <u>nothing contained in this order shall be considered a dismissal or disposition of this action</u>, <u>and that should further proceedings therein become necessary or desirable, either party may initiate [them] . . . as if this [O]rder had not been entered</u>.

Text Order in 09-938 dated Aug. 4, 2009 (emphasis added).

Nothing in the aforementioned Order, by statement or implication, caused the Order of Preliminary Injunction and Replevin in Civil Action No. 09-938 to expire. That Order remains in effect, and Plaintiff's current Motion for the entry of a materially identical order (**Doc. 2**) is **DENIED AS MOOT**.

The question that remains is whether it is prudent and necessary to continue Plaintiff's action under a new case number, or whether this litigation should proceed under Civil Action No. 09-938. Presumably, Plaintiff determined that a new lawsuit was appropriate given its filing of a Notice of Voluntary Dismissal in 09-938. *See* Doc. 20 in 09-938 ("Plaintiff . . . hereby dismisses the Complaint filed in the above-referenced matter without prejudice.").

Under Federal Rule of Civil Procedure 41(a)(1), a plaintiff can voluntarily dismiss a case without a court order by filing "a stipulation of dismissal <u>signed by all parties who have appeared</u>." *See id.* (emphasis added). Defendants did not sign Plaintiff's "Notice of Dismissal" in Civil Action No. 09-938, *see* Doc. 20, and, given the absence of a court order, the attempted dismissal was ineffectual.

Furthermore, continuing this litigation under Civil Action No. 09-938 is consistent with the last Order entered in that case, which made clear that the action was <u>not</u> dismissed, and that "should further proceedings . . . become necessary or desirable, either party may initiate [them] . . . as if th[e O]rder had not been entered." *See* discussion *supra*.

Accordingly, this case will be statistically closed, and Plaintiff may file any appropriate motion(s) under Civil Action No. 09-938.

IT IS SO ORDERED.

June 16, 2010                                       s\Cathy Bissoon
                                                               Cathy Bissoon
                                                               United States Magistrate Judge

cc (via CM/ECF):

Gregory L. Taddonio, Esq.

cc (via "ad hoc" CM/ECF email notification):

Robert O. Lampl, Esq.  (rol@lampllaw.com)
    Counsel for Ray Anthony International,
    LLC, and Ray G. Anthony in
    Civil Action No. 09-938 (W.D. Pa.)